IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE EDWARDO CASTRO-QUIRINO,

      Plaintiff,

v.                                            No. CV 10-0090 MCA/GBW

TIMOTHY HATCH,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      Plaintiff names his warden as the sole Defendant. The complaint asserts that parties other

than the Defendant subjected Plaintiff to a number of constitutional violations in state criminal proceedings. For relief, Plaintiff asks "to receive my COA so I can continue with my appeal."

This is Plaintiff's fourth attempt to challenge his state court criminal conviction. In *Castro-Quirino v. Wilson*, No. CV 03-0753 MV, Plaintiff filed his first habeas corpus petition asserting numerous constitutional violations in his 2001 state court criminal proceeding. The Court denied the petition with prejudice as procedurally defaulted. In *Castro-Quirino v. Wilson*, No. CV 08-0555 BB/WPL, Plaintiff filed a civil rights complaint alleging that he had been falsely accused of domestic violence and forcible sex, and that a judge and two prosecutors committed "malicious and vindictive acts" by allowing consideration of the falsehoods and obtaining Plaintiff's conviction. He asked, in part, to have his conviction vacated. The Court dismissed the complaint on grounds of immunity and failure to state a claim for relief. And in *Castro-Quirino v. Hatch*, No. CV 09-0342 RB/GBW, Plaintiff again filed a petition for writ of habeas corpus asserting a large number of claims against his state court conviction. He also filed a premature motion for certificate of appealability (CV 09-0342 RB/GBW, Doc. 19), which the Court denied without prejudice. The petition was then dismissed without prejudice as second or successive.

Here, Plaintiff has filed a second § 1983 complaint, again asserting claims of illegal conviction in the state court. No relief is available on the complaint. First, Plaintiff's civil rights claims were, or could have been, raised in the earlier action and are thus barred by the doctrine of res judicata. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). The related doctrine of collateral estoppel bars Plaintiff's claims against a newly named party. *See Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir. 1988); *cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986); *Klein v. Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989). Second, Plaintiff may not use a § 1983 action to obtain a certificate

of appealability and thereby revive his § 2254 habeas corpus proceeding. *See, e.g., Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (restating that a pleading which "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is a second habeas petition). No relief is available on Plaintiff's § 1983 claims.

Even if the Court were to liberally construe the complaint as a third habeas corpus petition, no relief would be available. The Court dismissed the § 2254 petition in cause No. CV 09-0342 RB/GBW as second or successive, and a third petition would likewise be dismissed or transferred. *See In re: Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Plaintiff's complaint will be dismissed with prejudice. Nothing in this order or the accompanying judgment is meant to preclude Plaintiff from filing a § 2254 petition pursuant to authorization by the Court of Appeals for the Tenth Circuit. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's civil rights complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE